**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 424.]**

**WRIGHT, APPELLANT, *v.* MONEY, WARDEN, APPELLEE.**

**[Cite as *Wright v. Money*, 1998-Ohio-216.]**

*Habeas corpus to compel relator's immediate release from prison—Petition dismissed, when.*

(No. 98-118—Submitted June 24, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Marion County, No. 9-97-74.

―――――――――

{¶ 1} In 1986, the Summit County Court of Common Pleas convicted appellant, Shawn E. Wright, of aggravated robbery, aggravated burglary, and felonious assault and sentenced him accordingly.

{¶ 2} In 1997, Wright filed a petition in the Court of Appeals for Marion County for a writ of habeas corpus to compel his immediate release from prison. Wright claimed that his conviction was unlawful because it was entered by a probate judge while sitting in the probate division of the common pleas court.

{¶ 3} The court of appeals *sua sponte* dismissed the petition.

{¶ 4} This cause is now before the court upon an appeal as of right.

―――――――――

*Shawn E. Wright, pro se*.

―――――――――

***Per Curiam.***

{¶ 5} We affirm the judgment of the court of appeals for the reasons stated in its opinion. The documentation attached to Wright's petition established that he was convicted and sentenced by the general division of the common pleas court rather than the probate division. Although his trial court judge might have normally been a probate division judge, the docket of journal entries indicates his assignment to preside over the criminal case in the general division. See, *e.g.*, Sup.R. 3(B)(2),

which permits presiding judges of common pleas courts to assign judges of the court "on a temporary basis to serve in another division of the court as required by the business of the court."

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____